TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00341-CV






Bobby Dale Barina, Appellant


v.


Kathleen Person Barina, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 223,145-B, HONORABLE ROBERT G. DOHONEY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Appellant Bobby Dale Barina ("Barina") seeks review of the trial court's judgment
entering a final decree of divorce from appellee Kathleen Person Barina ("Person") based on the
parties' mediated settlement agreement. In four issues, Barina contends that the trial court erred and
abused its discretion in entering the final divorce decree contrary to the express terms of the parties'
mediated settlement agreement and contrary to section 153.0071 of the family code. See Tex. Fam.
Code Ann. § 153.0071 (West Supp. 2008). Because we conclude there was error in the trial court's
judgment and that the trial court abused its discretion in failing to enter a final divorce decree
consistent with the terms of the parties' mediated settlement agreement and section 153.0071 of the
family code, we modify the trial court's judgment to conform to the parties' agreement and affirm
the judgment as modified.



BACKGROUND


 The record reflects that the parties entered into a mediated settlement agreement as
authorized in section 153.0071 of the family code to effectuate the terms of their divorce, including
the terms of possession of their child J.J.B., the only child born of their marriage. The trial court
held a hearing on Person's motion to enter an order of final divorce decree and considered the
parties' mediated settlement agreement.

 During the hearing, Barina objected to the entry of the proposed final divorce decree
on the grounds that it was inconsistent with the terms of the parties' mediated settlement agreement. 
Relevant to the appeal now before us, Barina challenged the language in the proposed final divorce
decree regarding weekend possession periods of the child J.J.B. as contrary to the terms of the
parties' mediated settlement agreement. The mediated settlement agreement provided:


 Mother shall have alternating weekends, beginning at 8:00a.m. on Friday, or
when school starts and ending on the following Monday at 8:00a.m. beginning May
11, 2007.

 

 Father shall have alternating weekends, beginning at 8:00a.m. on Friday, or
when school starts and ending on the following Monday at 8:00a.m. beginning May
18, 2007.


The mediated settlement agreement also addressed the issue of possession of J.J.B. on certain
holidays, including Thanksgiving, Christmas, Mother's Day, Father's Day, Spring Break, and J.J.B.'s
birthday, and stated that "[t]he parent not in possession at the end of the holiday shall have the first
weekend period of possession following the holiday."


 After hearing the arguments of counsel, the trial court entered a final divorce decree 
providing that Person shall have J.J.B. on the first, third, and fifth weekends, and that Barina shall
have J.J.B. on the second and fourth weekends. In two paragraphs, the final divorce decree provided:


 3. [Person] shall have possession of the child by alternating weekends having
the 1st, 3rd, and 5th weekends of the month, beginning at 8:00 a.m. on Friday,
or when school starts[,] and ending on the following Monday at 8:00 a.m.


 4. [Barina] shall have possession of the child by alternating weekends having
the 2nd and 4th weekends of the month, beginning at 8:00 a.m. on Friday, or
when school starts[,] and ending on the following Monday at 8:00 a.m.


It is this portion of the final divorce decree that Barina appeals.


DISCUSSION


 In four issues, Barina complains that the trial court erred and abused its discretion by
entering provisions in the final divorce decree that were inconsistent with the parties' mediated
settlement agreement and section 153.0071 of the family code. Person counters that the trial court
reasonably interpreted the parties' mediated settlement agreement and did not abuse its discretion
by entering a final divorce decree consistent with that reasonable interpretation. Person further
argues that Barina has failed to preserve error for this Court's review.


Preservation of Error

 As a preliminary matter, we consider Person's claim that Barina failed to preserve
error because Barina failed to timely object to the trial court's entry of the final divorce decree. 
While we agree with Person that Barina did not use the magic words "I object" or "objection" during
the hearing before the trial court on the entry of judgment, the rules of appellate procedure do not
require the use of magic words to preserve error. See Tex. R. App. P. 33.1. In order to preserve an
error for review on appeal, Rule 33.1 requires the record to show (i) that the complaint was made
to the trial court by a timely request, objection or motion that stated the grounds for the complaint
with sufficient specificity to make the trial court aware of the complaint; and (ii) that the trial court
expressly or implicitly ruled on the request, objection or motion. Id. 33.1(a)(1)-(2); cf. Taylor
v. State, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996) (where record is clear that trial court
understood objection and legal basis therefore, error is preserved despite appellant's failure to state
magic words "I object"); Pardue v. State, 252 S.W.3d 690, 699 (Tex. App.--Texarkana 2008,
no pet.) (although defendant did not use magic words "due process," error was preserved because
objection was sufficient to make trial court aware of nature of complaint).

 The record in this case demonstrates that Barina made the trial court aware of
his complaint that the proposed final divorce decree was inconsistent with the parties' mediated
settlement agreement. The following exchange between Barina's counsel and the trial court occurred
at the hearing below:


 Counsel: The other concern that I have deals with - - if you'll look at page 8 of
the proposed decree.


 Court: Okay.


 Counsel: Numbers 3 and 4 on page 8 deal with the weekend periods of
possession by the parents. What Mr. Barnhill [Person's counsel] has
done is arbitrarily assigned particular weekends to each parent and
alternate the fifth weekend; unfortunately, that's not what our
Mediated Settlement Agreement says. Our Mediated Settlement
Agreement indicates that they'll have alternating weekends, and then
it goes further and says that "the parent not in possession at the end
of a holiday shall have the first weekend period of possession
following that holiday." So never did we contemplate in this
Mediated Settlement Agreement that the first, third weekend would
be assigned to one parent and the second fourth to the other. We
intended it to alternate and we intended it to give the parent, after a
holiday, the weekend period of possession for the parent that hadn't
had that holiday. So, we believe that numbers 3 and 4 are in direct
controversy with what the parties agreed in the Mediated Settlement
Agreement.


* * *



 Counsel: And, Judge, my position is that simply we're entitled to a judgment
consistent with the Mediated Settlement Agreement . . . I think that
we're entitled to have the divorce decree reflect what was agreed to
by the parties. I don't think [Person] can come in here today and tell
you, well, it doesn't do exactly what I thought it was going to do, so
I want to change it. And I think that's what they're trying to do.


* * *



 Court: As to the [first, third], and fifth weekend as to [Person], that will stay
in the decree; as to [Barina] second and fourth only. Anything
further?


 On this record, we conclude Barina has preserved error because counsel's statements
made the trial court aware of Barina's complaint that the proposed divorce decree was inconsistent
with the parties' mediated settlement agreement and that Barina was entitled to judgment based on
the parties' agreement. Counsel's statements were sufficiently specific to apprise the trial court of
Barina's complaint, and the trial court's entry of the proposed divorce decree with terms that were
inconsistent with the parties' agreement implicitly, if not expressly, overruled Barina's complaint. 
Were we to accept Person's argument that Barina was required to utter magic words such as "I
object" or "objection" we would impose a burden not contemplated under the rules of appellate
procedure. See Tex. R. App. P. 33.1 (record need only demonstrate that trial court was made
aware of nature of complaint). We reject Person's claim that Barina has failed to preserve error for
our review, and we now turn to the merits of Barina's issues on appeal.


Mediated Settlement Agreement

 Barina's primary complaint (1) on appeal is that he was entitled to judgment based on
the terms of the parties' mediated settlement agreement, see Tex. Fam. Code Ann. § 153.0071(e),
and that the trial court erred, or otherwise abused its discretion, in rendering judgment inconsistent
with the parties' agreement. We agree.

 Section 153.0071 of the family code provides in relevant part:


 (c) On the written agreement of the parties or on the court's own motion, the
court may refer a suit affecting the parent-child relationship to mediation.


 (d) A mediated settlement agreement is binding on the parties if the agreement:


 (1) provides, in a prominently displayed statement that is in boldfaced
type or capital letters or underlined, that the agreement is not subject
to revocation;


 (2) is signed by each party to the agreement; and


 (3) is signed by the party's attorney, if any, who is present at the time the
agreement is signed.


 (e) If a mediated settlement agreement meets the requirements of Subsection (d),
a party is entitled to judgment on the mediated settlement agreement
notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of
law.

 (e-1) Notwithstanding Subsections (d) and (e), a court may decline to enter a
judgment on a mediated settlement agreement if the court finds that:


 (1) a party to the agreement was a victim of family violence, and that
circumstance impaired the party's ability to make decisions; and


 (2) the agreement is not in the child's best interest.



Tex. Fam. Code Ann. § 153.0071(c)-(e-1). Where a mediated settlement agreement satisfies
the requirements of subsection 153.0071(d), all parties are bound by the agreement and are entitled
to judgment on the terms of the agreement. See In re Marriage of Joyner, 196 S.W.3d 883, 889
(Tex. App.--Texarkana 2006, pet. denied). Unless there is an allegation of family violence, a
section 153.0071 agreement may be ruled on without a determination by the trial court that the terms
of the agreement are in the best interest of the child. See Tex. Fam. Code Ann. § 153.0071(e-1)
(trial court may decline to enter judgment on mediated settlement agreement if the court finds "a
party to the agreement was a victim of family violence . . . and the agreement is not in the
child's best interest." (emphasis added)); see also Cayan v. Cayan, 38 S.W.3d 161, 165
(Tex. App.--Houston [14th Dist.] 2000, pet. denied) (trial court may rule on section 6.602 (2)
agreement without determination that property division is just and right). This is consistent with
the public policy and purpose of mediation and letting the parties settle their affairs "as they see
fit" and thereby keeping those matters out of the courtroom. See In re Marriage of Joyner,
196 S.W.3d at 889.

 There is no dispute that the mediated settlement agreement before us satisfies
the requirements of subsection 153.0071(d). See Tex. Fam. Code Ann. § 153.0071(d). Paragraph
seven of the agreement states in underlined capital letters, "THIS AGREEMENT IS NOT SUBJECT
TO REVOCATION." See id. § 153.0071(d)(1). Barina and Person signed the agreement. See id.
§ 153.0071(d)(2). The respective attorneys for Barina and Person also signed the agreement. See
id. § 153.0071(d)(3).

 The statute expressly provides that, so long as the agreement satisfies the
requirements of the statute, a party is entitled to judgment on the agreement notwithstanding Rule 11
of the Texas Rules of Civil Procedure or "another rule of law." Tex. Fam. Code Ann. § 153.0071(e). 
The statute does not authorize the trial court to substitute its judgment for the mediated settlement
agreement entered by the parties unless the requirements of subsection 153.0071(e-1) are met. (3) See
id. § 153.0071(e-1); In re Marriage of Joyner, 196 S.W.3d at 890.

 Under the express terms of the mediated settlement agreement entered by the parties
before us, Barina and Person agreed to possession of the child J.J.B. on alternating weekends
beginning May 11, 2007. The agreement further provided that the parent not in possession at the end
of a holiday period "shall have the first weekend period of possession following the holiday." These
provisions fully expressed the parties' agreement regarding the terms of weekend possession,
and they were binding on the parties once the agreement was signed. See Tex. Fam. Code Ann.
§ 153.0071. Therefore, Barina was entitled to judgment based on these terms of the mediated
settlement agreement. Id. § 153.0071(e).

 At the hearing on the motion to enter judgment, Person argued that the parties did not
agree to weekend possession as stated in the mediated settlement agreement. Person claimed that
the parties' agreement was in accordance with the standard possession order in the family code and
was designed to allow the child J.J.B. to spend more time with his sibling--Person's child from a
previous marriage--who was also subject to the terms of court-ordered possession under Person's
previous divorce decree. (4) That she later interpreted the provisions of the mediated settlement
agreement between herself and Barina to mean something different than the plain language of
those terms does not authorize the trial court to render judgment on terms different than those
provided in the mediated settlement agreement. See id.; Garcia-Udall v. Udall, 141 S.W.3d 323,
332 (Tex. App.--Dallas 2004, no pet.) (trial court lacked authority to enter judgment that varies from
terms of mediated settlement agreement).

 Barina was entitled to judgment based on the terms of the parties' mediated settlement
agreement. See In re Marriage of Joyner, 196 S.W.3d at 890; Garcia-Udall, 141 S.W.3d at 332
(same); In re Circone, 122 S.W.3d at 406-07 (same); Cayan, 38 S.W.3d at 167 (same). The
trial court's judgment awarding possession of the child J.J.B. to Person on the first, third, and fifth
weekends of each month and to Barina on the second and fourth weekends of each month is contrary
to the parties' mediated settlement agreement. We therefore conclude that the trial court erred in
rendering judgment that varied from the terms set forth in the parties' mediated settlement
agreement. See Garcia-Udall, 141 S.W.3d at 332. We further conclude that the trial court abused
its discretion in rendering judgment contrary to the terms of the parties' mediated settlement
agreement. Id.

 We sustain Barina's issues on appeal. Accordingly, we render judgment that the
divorce decree be modified to comport with the terms of the parties' mediated settlement agreement
as follows:


 Mother shall have alternating weekends, beginning at 8:00a.m. on Friday, or
when school starts and ending on the following Monday at 8:00a.m. beginning May
11, 2007; and


 Father shall have alternating weekends, beginning at 8:00a.m. on Friday, or
when school starts and ending on the following Monday at 8:00a.m. beginning May
18, 2007.



We likewise modify the divorce decree to provide that "[t]he parent not in possession at the end of
a holiday period shall have the first weekend period of possession following the holiday." With
these modifications, we affirm the trial court's judgment. See id. (rendering judgment modifing
divorce decree to comport with mediated settlement agreement and affirming judgment as modified).


CONCLUSION


 Having sustained Barina's issues on appeal, we modify the trial court's judgment
to comport with the terms of the parties' mediated settlement agreement and affirm the judgment
as modified.




 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Modified and, as Modified, Affirmed

Filed: November 21, 2008
1. Although Barina raises four issues on appeal, we construe all of these issues to be 
variations of the same complaint--namely, that the trial court's final judgment is inconsistent with
the terms of the parties' mediated settlement agreement. We address Barina's issues together.
2. Section 6.602 of the family code allows parties to enter binding mediated agreements
regarding the dissolution of marriage and the division of property between the parties. Tex. Fam.
Code Ann. § 6.602 (West 2006). Section 153.0071 of the family code has identical language
allowing parties to enter binding mediated agreements regarding the parent-child relationship,
including the terms of child conservatorship, possession, access, child support, and related matters. 
Id. § 153.0071 (West Supp. 2008).
3. There is no evidence that the requirements of subsection 153.0071(e-1) have been met in
this case. See Tex. Fam. Code Ann. § 153.0071(e-1).
4. Person's possession of J.J.B.'s sibling under the terms of that divorce decree was more
consistent with the standard possession order in the family code allowing for possession on the first,
third and alternating fifth weekends of each month.